UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ERNEST BRENT SAMPLES,**

    Plaintiff,

v.                                    Civil Action No. 2:10-cv-00287

**HAROLD R. HARRINGTON, an
individual, and CHARTER OAKS
FIRE INSURANCE COMPANY, d/b/a
Travelers,**

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the motion to dismiss of defendant Charter Oaks Fire Insurance Company, filed March 19, 2010.

I.

On July 2, 2008, plaintiff, a West Virginia citizen, was in an automobile accident with defendant Harold R. Harrington. (Compl. ¶ 3). Harrington was intoxicated and caused his automobile to collide with plaintiff's, resulting in serious and permanent injuries to plaintiff. (Compl. ¶ 4-5). Plaintiff incurred medical expenses in excess of $58,000, and expects to incur future medical expenses. (Compl. ¶ 5).

Plaintiff initiated this action in the Circuit Court of

Fayette County on February 22, 2010. His complaint asserts one count alleging that defendant Charter Oaks Fire Insurance Company's ("Charter Oaks") engagement in unfair trade practices in violation of "West Virginia Code § 33-11-3 and West Virginia Insurance Regulations § 114-14-1, et seq.," caused and continues to cause him to suffer a delay in the settlement of his personal injury claim with Charter Oaks, as well as annoyance, inconvenience and aggravation, and the loss of the use of the proceeds of the settlement. (Compl. ¶ 10-11). Plaintiff asserts that Harrington, a West Virginia citizen, "is a defendant in name only as his limits of liability insurance were paid on or about October 27, 2009." (Compl. ¶ 2). Plaintiff seeks "compensatory damages, punitive damages, Hayseeds's damages, the last (sic -- cost?) of this litigation, and his reasonable attorney fees." (Compl. 3).

Charter Oaks removed on March 10, 2010, under diversity jurisdiction. On March 19, 2010, Charter Oaks filed its motion to dismiss the complaint under Rule 12(b)(6), contending that plaintiff's complaint asserts only conclusory allegations and vague inferences with no supporting factual allegations. (Mem. 2, 5-6). Plaintiff responded on April 21, 2010, arguing that he has set forth sufficient factual support to satisfy the pleading

standards under Twombly, and has pled with specificity the code sections "allegedly violated by the Defendant." (Resp. 4-5). Charter Oaks has not replied.

II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v.

**Iqbal**, 129 S. Ct. 1937, 1949 (2009) (quoting **Twombly**, 550 U.S. at 570); see also **Monroe v. City of Charlottesville**, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" **Erickson**, 127 S. Ct. at 2200 (quoting **Twombly**, 127 S. Ct. at 1965); see also **South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co.**, 372 F.3d 245, 255 (4th Cir. 2004) (quoting **Franks v. Ross**, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." **Edwards v. City of Goldsboro**, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

The Unfair Trade Practices Act, West Virginia Code § 33-11-1 et seq., provides a cause of action for unfair trade practices. Beyond citing the entire act, plaintiff's complaint does not provide fair notice of his claim. Section 9 of the Act provides remedies for various acts or conduct determined to be unfair settlement practices; however, there are multiple

subsections describing different illegal settlement practices and plaintiff does not set forth beyond a general reference to "a delay in settlement," the illegal practice or practices in which defendant is alleged to have engaged, nor any factual circumstances supporting a violation.

Further, to establish a claim under the Unfair Trade Practices Act, plaintiff must allege more than a single isolated violation such that "the finder of fact is able to conclude that the practice or practices are sufficiently sanctioned by the insurance company that the conduct can be considered a 'general business practice' and can be distinguished by fair minds from an isolated event.'" Dodrill v. Nationwide Mut. Inc. Co., 201 W.Va. 1, syl. pt. 4, 491 S.E.2d 1 (1996).  Even accepting all of plaintiff's facts as true -- that he was injured in a car accident caused by Harrington, that Charter Oaks is an "insurer," and that he has suffered a delay in the settlement of his claim with Charter Oaks -- he has not pled the requisite facts to sustain a claim under the Unfair Trade Practices Act.

Plaintiff also asserts violations of West Virginia Insurance Regulations § 114-14-1, et seq.  However, a violation of an insurance regulation on its own does not give rise to a cause of action under W. Va. Code § 33-11-4(9) and, thus, does

5

not support plaintiff's Unfair Trade Practices Act claim. <u>Russell v. Amerisure Ins. Co.</u>, 189 W.Va. 594, 597, 433 S.E.2d 532 (1993) (overruled on other grounds).

Inasmuch as plaintiff's complaint fails to set forth sufficient factual matter to state a plausible claim against Charter Oaks, it is ORDERED that, should he wish to do so, the plaintiff shall file, by September 3, 2010, an amended complaint with respect to his Unfair Trade Practices Act claim against Charter Oaks.  Failure of the plaintiff to do so will result in the entry of an order dismissing the complaint.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: August 16, 2010

John T. Copenhaver, Jr.
United States District Judge